MOCKBEE's Adm'r. *vs.* GARDNER, *et ux.*—June, 1828.

It is a general and familiar principle, that there exists in every sale of personal property an implied warranty of title, and that the vendor cannot be a witness to sustain the title of his vendee.

Executors, administrators, and other trustees, are exceptions to that rule, and a sale by them does not imply a warranty of title.

In sales by them, if fraud exists, or there is an express warranty and eviction, they would undoubtedly be personally answerable to a purchaser.

And in the case of a failure of title, while the purchase money for the property sold remained in their hands undistributed, or unadministered, there would exist no well founded reason why they should not refund to a purchaser.

Executors, administrators, and other trustees, are competent witnesses for purchasers of personal property claiming under their sales; and if objected to, on the ground of special liability to their vendees, that objection must be proved by the party making it, before the court will reject their evidence.

APPEAL from *Montgomery* County Court. This was an action of trover for a negro slave named *William*, brought by the intestate of the appellant against the appellees. The death of the original plaintiff was suggested, and the appellant, as his administrator, made plaintiff. The defendants pleaded not guilty, and issue was joined.

At the trial the plaintiff offered to prove by *John W. Duvall*, that the plaintiff's intestate purchased of the witness as the administrator of *William Warfield*, deceased, the negro mentioned in the declaration, and that the said negro, at the time of the death of the said intestate, was his property, and at the time of the sale was a part of the assets of the said intestate. To which witness the defendant objected, as incompetent to prove that the said negro, at the time of the death of the said *Warfield*, was his property, and at the time of the said sale was a part of the assets of the said intestate's estate. Which objection was sustained by the Court, [*Dorsey*, Ch. J. and *Kilgour*, and *Wilkinson*, A. J.] and the witness for the purpose, rejected. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, and ARCHER, J.

*Boyle,* for the Appellant, cited *Goodtitle v Welford,* 1 *Doug.* 138, 139, 140. *Anon.* 1 *Mod.* 107. *Swift's Evid.* 57, 58. 1 *Phill. Evid.* 40, 41. *Nix v Cutting,* 4 *Taunt.* 18. *Goss v Tracy,* 1 *P. Wms.* 287. *Abrahams v Bunn,* 4 *Burr.* 2254. *Briggs v Crick,* 5 *Esp. Rep.* 99, 100. *Cushman v Loker,* 2 *Mass. Rep.* 106. *Lupton v Lupton,* 2 *Johns. Ch. Rep.* 625.

*F. S. Key,* for the Appellees, cited *Giese v Thomas,* 7 *Harr. & Johns.* 458.

ARCHER, J. delivered the opinion of the court. It is a general and familiar principle, that there exists in every sale of personal property, an implied warranty of title, and that the vendor cannot be a witness to sustain the title of his vendee.

But in this case the witness had made the sale of the property in controversy as an administrator. He was a mere trustee, and in that capacity sold the property. The exemption of executors, administrators, and other trustees, from personal responsibility on an implied warranty, seems to be indispensable. For who would accept an office of this kind, if he were to become necessarily the guarantee of the good title of him whom he represents, in all the property submitted to his charge, which he may be obliged by order of court to sell? In all cases in which the title sold, was ascertained to be defective after a final distribution of the estate, the administrator, if a recovery were had against him, would have to look for indemnity to creditors, distributees and legatees. In most instances his prospect of security would never be realised, and no power is given him to retain for such a contingency. Where fraud exists, or there is an express warranty, he would, undoubtedly, be personally answerable to a purchaser in case of eviction. But it would little comport with the policy of the law, that offices so necessary, should be subjected to the operation of a principle so fraught with danger to their interests, as to deter every one from their acceptance.

But while this exception from the general principle exists in their favour, we by no means intend to assert that they would not be answerable, in case of a failure of title, while the purchase money for the property sold remained in their hands undistributed and unadministered. In such a case there would exist no

well founded reason why they should not refund to a purchaser. Such a modified liability would subject them to no danger of pecuniary loss; and as long as the fund remained in their hands, they might well be considered as liable, with other vendors, to the general doctrine of implied warranty of title. Whether that were the case, in the suit under consideration, the bill of exceptions does not disclose. It was surely incumbent on the party objecting to the competency of the witness, that he should make the grounds of incompetency appear to the court, which could only be done by showing that the purchase money still remained in the hands of the administrator; and there being nothing to show this fact the witness was competent.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.